IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.R. SIMPLOT COMPANY, INC., a Nevada Corporation, | ) ) ) |
| Plaintiff, Counter Defendant, | ) Case No. CV05-397-S-EJL ) |
| vs. | ) MEMORANDUM ORDER ) |
| H & H TRANSPORTATION, INC., an Arkansas Corporation, | ) ) ) |
| Defendant, Counter-Plaintiff and Third Party Plaintiff, | ) ) ) |
| v. | ) ) |
| 7B TRUCKING, INC., a North Dakota corporation, | ) ) ) |
| Third-Party Defendant. | ) ) |

Pending before the Court in the above-entitled matter are Plaintiff's motion for partial summary judgment and Defendant, Counter-Plaintiff, and Third-Party Plaintiff's, H&H Transportation, Inc., motion for partial summary judgment and related motions to strike. The parties have filed their responsive briefing and the matter is now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

**Factual and Procedural Background**

Plaintiff, J.R. Simplot Company, Inc. ("Simplot"), initiated this lawsuit against the Defendant, H&H Transportation, Inc. ("H&H Transportation"), by filing a complaint seeking recovery under the Carmack Amendment, 49 U.S.C. § 14706, for damage to a large shipment of guacamole product from Laredo, Texas to Heyburn, Idaho. (Dkt. No. 1). On December 30, 2004, 2,331 cases of guacamole product were transported for Simplot from a facility in Laredo, Texas to Simplot's facility Heyburn, Idaho pursuant to a straight bill of lading that stated "THIS IS A FROZEN PRODUCT. MAINTAIN ZERO DEGREES FAHRENHEIT OR BELOW." (Dkt. No. 1). Upon arrival at Simplot's facility on January 5, 2005, it was discovered that the refrigeration box temperature in the truck had been set at thirty-five degrees Fahrenheit for the entire trip. Simplot conducted a "spot inspection" of the product on January 5, 2005 and found it to be "sweating and warm with ice crystals and frost." (Dkt. No. 1). Simplot expressed its concern relating to the temperature and damage to the product to H&H Transportation. On January 6, 2005 Simplot issued a standard form for presentation of loss and damage claim to H&H Transportation. The product was stored by Simplot, with notice to H&H Transportation, and eventually deemed unsalvageable and destroyed on June 23, 2005. Thereafter, Simplot filed its complaint.

H&H Transportation filed an answer, counterclaim, and third-party complaint alleging certain affirmative defenses, naming 7B Trucking, Inc. ("7B Trucking") as a third-party defendant in this action, raising counterclaims against Simplot for breach of bill of lading, and raising a third-party complaint against 7B Trucking, Inc. for any damages sustained by H&H Transportation, Inc. as a result of the Carmack Amendment claim raised by Simplot's complaint. (Dkt. No. 8). H&H Transportation argues it was not the carrier of the shipment of the guacamole product but, instead, the shipment was brokered by for shipment by a separate entity, H&H Brokerage, Inc. ("H&H Brokerage"), which is a brokerage affiliate, of H&H Transportation. Pursuant to a written contract with Simplot, H&H Transportation alleges that H&H Brokerage brokered the load to be shipped by 7B Trucking. Simplot argues that it did not hire or retain H&H Brokerage and that it had a written contract with H&H Transportation, the Transportation Services Agreement, which controls in this matter and binds H&H Transportation to the carrier obligations, duties, and responsibilities in this

matter. H&H Transportation counters that in addition to the Transportation Services Agreement Simplot also had a Co-Brokerage Agreement with H&H Brokerage which controls. The parties' dispute over the application of the Carmack Amendment and their contractual relationships make up the basis for their cross-motions for summary judgment.

## Standard of Law

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in

---

[1] See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

**Discussion**

Simplot's motion argues it is entitled to summary judgment because the undisputed facts establish their prima facie case for recovery under the Carmack Amendment that 1) the goods were delivered to the carrier in good condition, 2) damage to the goods occurred during interstate transportation, and 3) the amount of damages. H&H Transportation argues material issues of fact exist as to the question of the parties' relationship; arguing H&H Transportation was not the carrier of the load as defined under the Carmack Amendment and that H&H Brokerage was responsible for brokering the shipment with 7B Trucking, not H&H Transportation. In addition H&H Transportation claims issues exist over whether the goods were damaged, the amount of damages, whether Simplot mitigated its damages, and whether the goods were received by the carrier in good condition. Simplot maintains that its Transportation Services Agreement with H&H Transportation controls and holds H&H Transportation responsible as the carrier; arguing H&H Brokerage is not a party and has no standing in this action.

I.      Whether H&H Transportation and/or H&H Brokerage were involved in the shipment:

The first issue that must be addressed is whom, between H&H Transportation and H&H Brokerage, was involved in arranging for the shipment of the guacamole product at issue in this

case. The documents contained in the record are as follows. The initial fax from Simplot seeking to procure shipment of the goods was sent to H&H Transportation and specifically references the Transportation Services Agreement between these parties. (Dkt. No. 31, Ex. B). The load number on the Bill of Lading for this shipment matches a number handwritten on the initial fax sent from Simplot to H&H Transportation for procurement of the shipment. (Dkt. No. 31, Ex. B, Dkt. No. 22, Ex. D). The Bill of Lading for the shipment also has a stamp referencing "H&H" with the address P.O. Box 725, Brinkley, AR 72021. (Dkt. No. 22, Ex. D). The documents filed in this case reveal that both H&H Transportation and H&H Brokerage use this P.O. Box. (Dkt. No. 22, Ex. E, Dkt. No. 17, Ex. E, G, H).[2] The only time "H&H Brokerage" is used by either party in relation to this particular shipment is on the Freight Bill.[3] (Dkt. No. 22, Ex. E). Based on this record, the Court cannot, as a matter of law, determine whether H&H Transportation or H&H Brokerage or both were the party to the procurement of this shipment. To make this determination would require the Court to weigh the evidence in the record and make a finding as to a disputed fact in this case which is improper on a motion for summary judgment. This determination is material to the case as the relationship of these parties drives the remaining issues presented on these motions and in this case; including, which or both of the contracts existing between the parties controls, who was the carrier of this shipment, and the damages issues. Because the factual dispute regarding the involvement and relationships of Simplot, H&H Transportation, and H&H Brokerage is determinative of the remaining issues in this case, both motions for summary judgment must be denied. The parties' motions to strike are deemed moot as the Court did not consider the objected to portions of the contested affidavits at issue in those motions.

---

[2] H&H Transportation has filed a motion to strike a paragraph of the affidavit to which these exhibits are attached. (Dkt. No. 23). The exhibits themselves are not a part of the motion to strike.

[3] H&H Brokerage and the P.O. Box 725 address is also used on the Co-Brokerage Agreement but that agreement does not reference this particular shipment. (Dkt. No. 32, Ex. D).

### ORDER

Based on the foregoing, the Court HEREBY ORDERS as follows:

1) Plaintiff's Partial Motion for Summary Judgment (Dkt. No. ) is **DENIED**.

2) Defendant's Partial Motion for Summary Judgment (Dkt. No. ) is **DENIED**.

3) Defendant's Motion to Strike (Dkt. No. 23) and Plaintiff's Motion to Strike (Dkt. No. 25) are **MOOT**.

DATED: **January 26, 2007**

_____
Honorable Edward J. Lodge
U. S. District Judge