IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| J.R. SIMPLOT COMPANY, INC., a Nevada Corporation,        ) ) ) | |

J.R. SIMPLOT COMPANY, INC., a  )
Nevada Corporation,  )
       )
    Plaintiff, Counter-Defendant,  )
       )   Case No. CIV05-397-S-EJL
    v.  )
       )
H&H TRANSPORTATION, INC., an  )   MEMORANDUM ORDER
Arkansas Corporation,  )
       )
    Defendant, Counter-Plaintiff  )
    and Third-Party Plaintiff,  )
    v.  )
       )
7B TRUCKING, INC., a  )
North Dakota Corporation,  )
       )
    Third-Party Defendant.  )


Pending before the Court in the above entitled matter are petitions for attorney fees filed by both parties in this matter.  The briefing has been submitted and the matter is now ripe for the Court's consideration.  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2)(ii).

MEMORANDUM ORDER - 1

**Factual and Procedural Background**

The trial in this matter commenced on February 27, 2007 as to J.R. Simplot Company, Inc.'s ("Simplot") claim against H&H Transportation, Inc. ("H&H Transportation") and as to H&H Transportation's counterclaims against Simplot.  Simplot filed suit under the Carmack Amendment, 49 U.S.C. § 14706, seeking recovery of damages suffered to a shipment of frozen guacamole product.  H&H Transportation filed a counterclaim for breach of contract alleging Simplot failed to pay the full amount due and owing on unrelated shipping contracts.   The jury returned a verdict in favor of Simplot as to its claim in the amount of $44,155.49 and in favor of H&H Transportation on its counterclaim in the amount of $704.70.  (Dkt. No. 68).  Thereafter, both parties filed their motions for attorney fees which the Court now takes up.

**Discussion**

Simplot argues it prevailed on a "vast majority" of the damages on its Carmack Amendment claim and it successfully defended against the counterclaim and, therefore, it is the overall prevailing party in this action and entitled to attorney fees.  Such fees are proper, Simplot contends, pursuant to Idaho Code § 12-120(3) and an existing contract between the parties entitled the Transportation Services Agreement.  H&H Transportation challenges Simplot's reliance on the Transportation Services Agreement as a basis for attorney fees, arguing that Simplot's claim was not a breach of contract claim but was instead brought under the Carmack Amendment which does not provide for an award of attorney fees in this kind of case.  In its petition for attorney fees, H&H Transportation asserts it is the prevailing party on the counterclaim and seeks an award for the attorney fees expended on the counterclaim pursuant to Idaho Code § 12-120(3).

MEMORANDUM ORDER - 2

I.      <u>Simplot's Claim</u>:

There is no question that Simplot is the prevailing party on its claim.  The issue turns on whether Simplot is entitled to attorney fees on its claim.  Simplot maintains that the recovery of attorney fees does not arise from the Carmack Amendment but from Paragraph 4.3 of the Transportation Services Agreement which provides for an award of attorney fees where the shipper seeks recovery for damages to a shipment.  This lawsuit, Simplot argues, falls within Paragraph 4.3 thereby invoking Idaho Code § 12-120(3).  H&H Transportation objects to the application of the Transportation Services agreement and argues that actions brought under the Carmack Amendment does not provide for recovery of additional or special consequential damages such as attorney fees. Simplot maintains that the Transportation Services Agreement entitles it to attorney fees because the jury found H&H Transportation was a "carrier" of the guacamole product in question it is "reasonable to assume that the jury found that the load was delivered pursuant to the Transportation Services Agreement." (Dkt. No. 76, p. 8).  The jury instructions and special verdict form in this case do not yield such a conclusion.  (Dkt. Nos. 68, 71).

While true that the jury found H&H Transportation to be a "carrier," that finding was based upon the Court's instructions which utilized the Carmack Amendment's definition of "carrier." Neither the instructions to the jury nor the special verdict form referenced the Transportation Services Agreement.  In fact, the Court specifically denied Simplot's request to include a question on the special verdict form asking the jury to find whether the guacamole shipment was in accordance with the Transportation Services Agreement because the cause of action brought by Simplot was for a violation of the Carmack Amendment, not a breach of contract claim based upon the Transportation Services Agreement. (Rough TR, p. 127).  Accordingly, the Court finds that any

MEMORANDUM ORDER - 3

recovery for attorney fees by Simplot lies in the Carmack Amendment, not the Transportation Services Agreement.

Attorney fees, however, are not available in this case under the Carmack Amendment.[1] Likewise, attorney fees are not available under Idaho Code § 12-120(3) because Simplot's cause of action in this case is based on a Federal statute, the Carmack Amendment. The Idaho Court of Appeals has held that Idaho Code § 12-120(3) does not apply to a claim seeking recovery based on a violation of a statute. Atwood v. Western Const., Inc. 923 P.2d 479, 486 (Idaho App. 1996) ("That claim, though rooted in the employment relationship, sought recovery for infringement of rights created not by contract but by statutes, I.C. § 67-5909 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634 (1994). Where the gravamen of a cause of action is the violation of a statute, I.C. § 12-120(3) does not apply."). Therefore, the Court finds Simplot has failed to provide a basis for an award of attorney fees on its claim and the petition is denied.

II.     H&H Transportation's Counterclaim:

H&H Transportation has filed a petition seeking attorney fees pursuant to Idaho Code § 12-120(3) as to the amount of time expended on its counterclaim in the amount of $15,345.00.[2]

---

[1] Attorney fees are recoverable under the Carmack Amendment in two circumstances which do not apply in this case. See 49 U.S.C. §§ 14704 and 14708. Simplot concedes that "the statutory language of the Carmack Amendment does not provide for an award of attorney's fees" in this type of case. (Dkt. No. 76, p. 8).

[2] The answer filed in this case (Dkt. No. 8) states the subject matter jurisdiction for the counterclaim is based on federal question jurisdiction, 28 U.S.C. § 1331, and the Carmack Amendment, 49 U.S.C. § 14706(d)(3). The counterclaim, however, are breach of contract claims involving parties of two different states for an amount exceeding the requirements for diversity jurisdiction in 21 U.S.C. § 1332. Therefore the proper basis for jurisdiction is diversity pursuant to 21 U.S.C. § 1332. It is well established that when sitting in diversity cases we apply state substantive law, as "declared by [the state's] legislature in a statute or by its highest court," and federal procedural law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938). When it comes to attorney fees, "[a] federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case." In re Larry's Apartment, L.L.C., 249 F.3d

MEMORANDUM ORDER - 4

Idaho Code § 12-120(3) provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Any action covered by subsection (3), regardless of the dollar amount, carries with it the mandatory award of attorney fees to the prevailing party. The action must involve a dispute over an actual commercial transaction in order to be covered by the "commercial transaction" clause. The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. "The critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover." Bingham v. Montane Resource Associates, 987 P.2d 1035, 1041 (Idaho 1999). "[T]he commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover." Bingham, 987 P.2d at 1041; see also C & G, Inc. v. Rule, 25 P.3d 76 (Idaho 2001). The parties here do not dispute that the claims here involved commercial transactions which invoke Idaho Code § 12-120(3). The disagreement is over who prevailed.

---

832, 838 (9th Cir. 2001) (citing Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir. 1992) and Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)). Therefore, attorney fees may be awarded by a district court when they are part of the state's substantive, rather than procedural, requirements. Id. (citing Klopfenstein v. Pargeter, 597 F.2d 150, 152 (9th Cir. 1979)). Since the substance of the counterclaim in this case are based on diversity jurisdiction, we are obligated to apply Idaho state law regarding the Defendant's claim for attorney fees. See Farmers Insurance Exchange v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234 (9th Cir. 2001) (citing Kabatoff v. Safeco Ins. Co. of America, 627 F.2d 207, 210 (9th Cir. 1980)).

MEMORANDUM ORDER - 5

Simplot argues it is the overall prevailing party in this action and, therefore, entitled to attorney fees.  Simplot cites two Idaho cases to support its argument that the Court should determine the prevailing party in the overall action, not on a claim-by-claim basis.  See Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc., 117 P.3d 130 (Idaho 2005);  International Engineering Co., Inc. v. Daum Industries, Inc., 630 P.2d 155, 158 (Idaho 1981).  These cases, however, involved claims and counterclaims over the same underlying facts or contract.  There is another line of cases in Idaho holding that where there are multiple claims and counterclaims upon which each party is successful, it is proper for the court to analyze the claims separately to determine who is the prevailing party and entitled to attorney fees on each claim.  See Rockefeller v. Grabow, 82 P.3d 450, 458 (Idaho 2003) (citing  Ramco v. H-K Contractors, Inc., 794 P.2d 1381 (1990)); Bream v. Benscoter, 79 P.3d 723, 727 (Idaho 2003).  Because the counterclaim in this case involved contracts on shipments distinct from the shipment at issue in Simplot's Carmack Amendment claim, the Court finds it appropriate to determine the prevailing party on the counterclaim separately.

The determination of who is the prevailing party is committed to the sound discretion of the trial court.  Rockefeller, 82 P.3d at 458.  In making this determination courts look to Idaho Rule of Civil Procedure 54(d)(1)(B) which provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a part to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

Simplot argues it prevailed and/or successfully defended against the counterclaim because the amount of damages awarded by the jury are considerably less than the sum sought by H&H

MEMORANDUM ORDER - 6

Transportation; H&H Transportation sought recovery of $132,075.38 on its counterclaim and the jury awarded $704.70 in damages.  It is well-settled in Idaho that one who successfully defends against the enforcement of a contract, when the gravamen of the transaction is a commercial transaction, nevertheless may be entitled to attorney fees even though it is determined that no contract exists or it is unenforceable.  See Lawrence v. Jones, 864 P.2d 194, 198 (Idaho 1993) (citing Hilt v. Draper, 836 P.2d 558, 568 (Ct. App.1992); Konic Int'l Corp. v. Spokane Computer Serv., Inc., 708 P.2d 932, 935 (Idaho App.1985); Intermountain Forest Management, Inc. v. Louisiana Pacific Corp., 31 P.3d 921, 925 (Idaho 2001) ("Where a party alleges the existence of a contractual relationship of a type embraced by section 12-120(3) ... that claim triggers the application of the statute and a prevailing party may recover fees even though no liability under a contract was established.").

The cases cited by Simplot where the Idaho courts have determined the defendant in a contract dispute prevailed,  involved cases where the contract was deemed to either not exist or to not have been breached.  See Jenkins v. Boise Cascade Corp., 108 P.3d 380 (Idaho 2005); Iron Eagle Development v. Quality Design Systems, Inc., et al., 65 P.3d 509 (Idaho 2003); Pinnacle Performance v. Hessing, 17 P.3d 308 (Idaho App. 2001); Atwood v. Western Construction, Inc., 923 P.2d 479 (Idaho App. 1996).  In this case, the jury determined the contracts presented to it on the counterclaim were breached by Simplot and awarded H&H Transportation damages as a result.  As such, the Court concludes that Simplot was not the prevailing party on the counterclaim.

The Court also finds that H&H Transportation was not the prevailing party on the counterclaim.  The fact that the amount of damages awarded to H&H Transportation was considerably less than originally sought is not determinative of who the prevailing party is on the

MEMORANDUM ORDER - 7

counterclaim.   See Griffith v. Clear Lakes Trout Co., Inc., 152 F.3d 604, 614 (Idaho 2007) (concluding that the fact that a party "recovered less than initially requested does not keep them from being a prevailing party."). However, Rule 54(d)(1)(B) directs the Court to "consider the final judgment or result of the action in relation to the relief sought" in determining the prevailing party. Ninety-nine percent of H&H Transportation's counterclaim included contracts involving H&H Brokerage that the Court did not allow H&H Transportation to offer to the jury.  The claims were precluded as a result of H&H Transportation's failure to complying with the Court's scheduling order and the applicable procedural rules.[3]   Considering the relief ultimately awarded on the counterclaim was woefully less than initially sought as a result of H&H Transportation's own errors, the Court concludes that H&H Transportation did not prevail on the counterclaim.  As such, the petition for attorney fees is denied.

Even if the Court were to have determined that H&H Transportation had prevailed on the counterclaim, the Court would have awarded only $1,534.50 in attorney fees.  This amount is one percent of the total amount requested by counsel which is approximately the percentage of the counterclaim that was allowed to go forward at trial.

---

[3]

Simplot filed a second motion in limine challenging the admission of evidence relating to debts allegedly owed to H&H Brokerage as to H&H Transportation's counterclaim.  (Dkt. No. 48).  Specifically, Simplot pointed to the lateness of H&H Transportation's proposed use of an Assignment of Claims as an exhibit because the Assignment of Claims was not entered into until January 30, 2007 – less than a month before trial – and the claims were as to a non-party, H&H Brokerage. At the beginning of the trial, the Court ruled that the Assignment of Claims would not be allowed because H&H Brokerage is not a party, the exhibit is untimely, and it would be unduly prejudicial.

MEMORANDUM ORDER - 8

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court HEREBY

ORDERS as follows:

    1)        Simplot's Petition for Attorney Fees (Dkt. No. 76) is **DENIED**.

    2)        H&H Transportation's Petition for Attorney Fees (Dkt. No. 74) is **DENIED**.

DATED:  **April 26, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 9